**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RAMON LABANINO ROJAS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02937-TLP-tmp |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pro se Petitioner Ramon Labanino Rojas, a noncitizen detained in the Western District of Tennessee petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 6.) Respondent responded (ECF No. 8), and Petitioner replied (ECF No. 9). For the reasons below, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**BACKGROUND**

Petitioner is a Cuban citizen who entered the United States in December 2022. (*See* ECF No. 2 at PageID 3.) The Department of Homeland Security ("DHS") took him into custody on May 7, 2026. (*Id.* at PageID 4.) And Petitioner's I-213 Narrative states that he is charged under the Immigration and Nationality Act (INA) "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity or nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act." (ECF No. 8-1 at

PageID 34.) Petitioner is now in ICE custody at the West Tennessee Detention Center. (ECF No. 2 at PageID 3.)

Petitioner alleges his detention without an individualized bond hearing is illegal and violates the Constitution. (*Id.* at PageID 4–5.) He seeks "an individualized hearing before an immigration judge. . . ." (*Id.* at PageID 5.) Respondent argues that the Court should dismiss the Petition because Petitioner has failed to exhaust his remedies. (ECF No. 8 at PageID 29–31.)

**ANALYSIS**

Administrative exhaustion is required when mandated by Congress. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion." *Id.* In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146; *see Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation.") (citation omitted). Institutional interests are "protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

At times the interest of the individual weighs heavily against the institutional interests at stake. This includes when an "unreasonable or indefinite timeframe for administrative action" creates undue prejudice. *Id.* at 146–47. And it includes when administrative remedies are inadequate because the agency is not "empowered" to grant effective relief. *Id.* at 147. Another example is when "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 148. A court may

also waive exhaustion when pursuing administrative remedies would be futile. *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013) (citation omitted).

It is true that this Court has excused exhaustion for some noncitizens challenging their detention before ruling on their petitions. That was before the *Lopez-Campos* ruling. At that time, administrative exhaustion was futile. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026). But the Court now doubts that approach given the Sixth Circuit's ruling in *Lopez-Campos* and Respondent's commitment to apply its holding in the many habeas cases the Court considers each week. *See Rodriguez v. Bullock*, No. 2:26-cv-02726-TLP-tmp (W.D. Tenn. Aug. 3, 2026). And given these developments, the Court finds it more appropriate to abide by "the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." *McCarthy*, 503 U.S. at 144–45 (citation omitted); *see also Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio 2025) ("Petitioner's apparent attempt to sidestep the BIA appeals process in favor of habeas review highlights the need for an exhaustion requirement here to protect agency authority, limit interference with agency affairs, and promote judicial efficiency." (citing *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)).

For these reasons, the Court concludes that Petitioner must exhaust his available administrative remedies before seeking federal-court intervention.

## <u>CONCLUSION</u>

Because Petitioner failed to exhaust his administrative remedies, the Court **DENIES** the Petition and **DISMISSES** this petition **WITHOUT PREJUDICE**.

**SO ORDERED**, this 8th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE